IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3105-D

| | | |
|---|---|---|
| KENNETH LEONARD DUNBAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DR. RONALD BELL, Jr., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 10, 2011, Kenneth Leonard Dunbar ("Dunbar" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. Dunbar has filed motions for appointment of counsel [D.E. 4, 6], motions for default judgment as to each defendant [D.E. 9–13], and a "[m]otion for [l]eave to [i]ntroduce the [a]ccepted/[a]pplicable [s]tandards of [m]edical [c]are [u]nder Fed. R. Civ. P. 803" [D.E. 14].

Dunbar alleges that on May 7, 2009 he felt pain in his left leg. Compl. 6. The pain caused him to seek treatment from defendant Dr. Robert Bell, Jr. Id. Dunbar alleges that "[a]fter a very wanting examination" and knowing that Dunbar was allergic to aspirin and tetracycline, Dr. Bell "exposed [Dunbar] to unreasonably high dosages of Naproxen a non-steroidal anti-inflammatory drug[.]" Id. Dunbar contends that Dr. Bell's treatment exposed him "to the serious dangers of w[or]sening of [his] preexisting hypertension . . . and in turn . . . to the serious risk of cardiovascular events[,] myocardial infarction[,] and strokes[,] which can be fatal[,]" and caused him "gastrointestinal [symptoms] such as bleeding, ulceration[,] . . . and perforations[,] which if left undiagnosed and untreated can be fatal." Id. 6–7. Dunbar claims that he "became very[,] very sick . . . . with symptoms or side effects of stomach and gastrointestinal pains, constipation, sluggishness,

an inability to eat and drink" after taking the prescribed medication. Id. 7–8. When Dunbar complained of these side effects to Dr. Bell, Dr. Bell's "only action was to discontinue the Naproxen." Id. 8. Dr. Bell did not attempt "to determine if [Dunbar] had been infected by a peptic/gastric ulcer" or "conduct or order any medical diagnostic or laboratory testing." Id. On August 13, 2009, Dunbar was transferred to a different prison, and on September 8, 2009, he was sent to a local hospital emergency room where he was diagnosed with and treated for a perforated gastric ulcer. See Dunbar Aff. ¶¶ 32–35; Compl., Exs. 11.

In addition to Bell, Dunbar sues the Governor of North Carolina, the Director of Prisons, and the Director of Health Care Services for the North Carolina Department of Correction, and the superintendent of Tabor City Correctional Institution, where Dr. Bell treated Dunbar. Compl. 4–5. Dunbar raises his claims against these defendants under a respondeat superior theory, based on their having "learned of the violation of plaintiff's rights and failed to do anything to fix the situation; . . . created a policy or custom allowing or encouraging the illegal acts[;] or . . . [been] grossly negligent in managing the people he or she was supposed to supervise." Id. 8, 10–11. Dunbar asserts that he has suffered permanent damage and disfigurement; he seeks declaratory relief, compensatory and punitive damages from each defendant, and the costs of his action. Id. 11–13.

The Prison Litigation Reform Act ("PLRA") allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA. See Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006); Altizer v. Deeds,

2

191 F.3d 540, 544 (4th Cir. 1999).

Dunbar has filed at least three actions that United States district courts have dismissed as frivolous. See Dunbar v. Liner, No. 1:01-CV-1014-WLO (M.D.N.C. Dec. 14, 2001) (unpublished); Dunbar v. Turlington, et al., No. 5:94-CT-72-BR (E.D.N.C. Sept. 7, 1994) (unpublished); Dunbar v. Davis, No. 5:93-CT-798-F (E.D.N.C. June 1, 1994) (unpublished).

Because of these dismissed actions, Dunbar must show that he is under imminent danger of serious physical injury in order to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

Dunbar's complaint focuses on acts that occurred between May 7 and September 8, 2009, over twenty-one months before he filed his complaint. This lapse of time demonstrates that Dunbar is not presently under imminent danger of serious physical injury. See, e.g., Johnson v. Warner, 200 Fed. App'x 270, 272 (4th Cir. 2006) (per curiam) (unpublished) (the "exception [to the three-strikes provision] focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct" (quotation omitted)); Smith v. Dillman, Nos. 7:09cv00097, 7:09cv00462, 2011 WL 322828, at *2–6 (W.D. Va. Jan. 10, 2011) (unpublished), aff'd sub nom. Smith v. Wang, No. 11-6291, 2011 WL 5252739 (4th Cir. Nov. 4, 2011) (per curiam) (unpublished). Accordingly, Dunbar has not made a colorable showing that this action should proceed under the exception to the three-strikes rule. See 28 U.S.C. § 1915(g).

Therefore, the court dismisses the action without prejudice. See 28 U.S.C. § 1915(g).

For the reasons stated, the court DISMISSES without prejudice plaintiff's action under 28 U.S.C. § 1915(g), and DENIES AS MOOT plaintiff's motions [D.E. 4, 6, 9–14]. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 26 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge

4

Case 5:11-ct-03105-D   Document 15   Filed 01/26/12   Page 4 of 4