IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3105-D

| | | |
|---|---|---|
| KENNETH LEONARD DUNBAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DR. RONALD BELL, Jr., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 10, 2011, Kenneth Leonard Dunbar ("Dunbar" or "plaintiff"), a state inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 [D.E. 1]. Dunbar sought leave to proceed in forma pauperis [D.E. 2]. On January 26, 2012, the court reviewed the complaint, denied several motions, and dismissed the action without prejudice under 28 U.S.C. § 1915(g) [D.E. 15]. On February 3, 2012, Dunbar filed a notice of appeal [D.E. 17]. On May 10, 2012, the Fourth Circuit dismissed the appeal for failure to prosecute [D.E. 24–25]. On June 14, 2012, Dunbar filed a motion for a temporary restraining order, along with a supporting declaration [D.E. 26, 26-1]. On July 2, 2012, Dunbar refiled the motion to correct a deficiency [D.E. 29].

Dunbar seeks a temporary restraining order because, on September 8, 2009, he underwent emergency surgery for a perforated "malignant pylorus gastric ulcer[,]" and "from May 28, 2009 to yet the cause of this condition has yet to be determine[d] and . . . tends to recur and with each recurrence brings the possibility of complication." Mot. TRO [D.E. 29] 2. Dunbar asks the court to order that he be provided a "consultation with a gastroenterologist qualified to assess and detect, prevent, treat and educate about [his] condition and the possibility of the recurrence of the malignant pylorus gastric ulcer." Id. 3. Dunbar also seeks an order that he be provided a "consultation with

a qualified pathologist specializing in determining the cause and nature of [his] peptic ulcer disease." Id.

The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Dunbar has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Dunbar merely disagrees with his medical providers over treatment decisions. Thus, Dunbar's complaint and request for injunctive relief are frivolous pursuant to 28 U.S.C. § 1915(g). See, e.g., Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

In sum, the court DENIES Dunbar's motion for a temporary restraining order [D.E. 26].

SO ORDERED. This 25 day of July 2012.

JAMES C. DEVER III
Chief United States District Judge

2